[862 NYS2d 222]

In the Matter of Bonnie Strunk, an Attorney, Respondent.
Grievance Committee of the Fifth Judicial District,
Petitioner.

Fourth Department, June 6, 2008

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Emil M. Rossi*, Syracuse, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 16, 1972, and maintains an office for the practice of law in Syracuse. The Grievance Committee filed a petition charging respondent with acts of misconduct including neglecting client matters. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Following the hearing, the Referee filed a report, which the Grievance Committee moves to confirm. Respondent does not dispute the findings of the Referee with respect to the misconduct itself, but she requests that we disaffirm the finding that she failed to establish a connection between her medical problems and the misconduct.

The Referee found that, following her discharge by two clients, respondent failed to execute and return to new counsel in a prompt manner consent to change attorney forms and the complete files of those clients. The Referee further found that, despite her discharge by the clients, respondent continued to contact one client and that, without the knowledge of the other client, respondent negotiated a settlement on her behalf. Additionally, the Referee found that respondent's failure to communicate with a client resulted in the filing of a complaint by that client with the Grievance Committee. Finally, the Referee found that respondent failed to respond in a timely manner to inquiries made by an investigator for the Grievance Committee, necessitating the issuance of a subpoena by this Court.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on her fitness as a lawyer;

DR 2-110 (b) (2) (22 NYCRR 1200.15 [b] [2])—failing to withdraw from employment when she knows or it is obvious that continued employment will result in violation of a disciplinary rule;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to her; and

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay or deliver in a prompt manner to the client or third person as requested by the client or third person the funds, securities or other properties in her possession that the client or third person is entitled to receive.

We decline to adopt the Referee's finding that respondent failed to establish a connection between her medical problems and the misconduct. As noted by the Referee, respondent did not seek medical attention until most of the misconduct at issue had occurred. Nevertheless, the testimony of respondent at the hearing before the Referee establishes that, during the relevant time period, she suffered from depression, for which she has sought treatment, and from related symptoms that affected her ability to work. Additionally, in determining an appropriate sanction we have considered the testimony of respondent that her law partner experienced serious health problems during the time period encompassed by the petition, resulted in an overwhelming increase in respondent's workload. Finally, we have considered respondent's previously unblemished record. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

HURLBUTT, J.P., SMITH, CENTRA, PERADOTTO and GORSKI, JJ., concur.

Order of censure entered.